IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 18, 2012

## JAMES E. GAYLES v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5639     Jon Kerry Blackwood, Judge**

_____

**No. E2012-00997-CCA-R3-HC - Filed November 26, 2012**

_____

The Petitioner, James E. Gayles, appeals the Johnson County Criminal Court's dismissal of his petition seeking a writ of habeas corpus. The Petitioner contends that his convictions are void because he was sentenced in direct violation of Tennessee statutory law. Upon a review of the record in this case, we are persuaded that the habeas court properly denied the petition for habeas corpus relief. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

James E. Gayles, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Joe Crumley, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts and Procedural History**

A Washington County jury convicted the Petitioner of first degree murder, and he received a life sentence. On direct appeal, this Court affirmed the Petitioner's conviction. *State v. James E. Gayles*, No. 03C01-9708-CR-00339, 1999 WL 451820 (Tenn. Crim. App., at Knoxville, July 6, 1999), *no Tenn. R. App. P. 11 application filed*.

The Petitioner filed a pro se petition seeking a writ of habeas corpus, claiming his

sentence was illegal, which rendered the judgment "void upon its face." The State responded by filing a motion to dismiss, asserting that the petition was fatally defective for failing to conform with the formal requirements for habeas corpus petitions pursuant to Tennessee Code Annotated section 29-21-107. On May 3, 2012, the trial court summarily entered an order granting the State's motion to dismiss the Petitioner's habeas corpus petition. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner contends that he was sentenced in direct violation of Tennessee statutory law. The State counters that the petition is fatally defective for failing to conform with statutory requirements for habeas corpus petitions, and, in the alternative, that the Petitioner failed to state a cognizable claim. Therefore, the State argues that the habeas court's dismissal of the Petitioner's petition was not in error. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that

the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

>> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

>> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

>> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

>> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208 (Tenn. Crim. App., at Nashville, Oct. 2, 2006), *no Tenn. R. App. P. 11 application filed*.

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See*

*Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

In reviewing the Petitioner's petition, we agree with the State that there are numerous deficiencies. The petition and supporting memorandum of law are not verified by affidavit, the petition does not state that the Petitioner is illegally restrained of liberty, and it does not state whether this is the Petitioner's first application for a writ. As we have already stated, where the procedural requirements for a habeas corpus petition are not met, the petition can properly be dismissed. *Hickman*, 153 S.W.3d at 21.

Even assuming the Petitioner had complied with the procedural requirements, the habeas corpus court properly dismissed his petition on its merits because the judgment is not facially invalid and the sentence has not been served. The Petitioner argues that he was inappropriately sentenced under both the 1982 and 1989 Sentencing Reform Acts. On the judgment form attached to the petition, there are two sections, one for sentencing under the 1989 Act and one for the 1982 Act. The box next to "Sentence Reform Act of 1989" is checked, and beneath it the box next to "1st degree murder" is checked. While the box next to "Pre 1982" is not checked, the box beneath it for "1st degree murder" is checked. In our view, the check mark beneath the "Pre 1982" section is nothing more than a clerical error because the box indicating the use of the 1989 Sentencing Act is clearly marked. The offense date for the Petitioner's conviction was May 2, 1993, and the judgment form reflects that the Petitioner was sentenced on February 7, 1995. The Petitioner has provided no indication of why he would have been sentenced under the 1982 Sentencing Reform Act since, at the time of his offense and sentencing, the 1989 Sentencing Reform Act was in effect. Therefore, we conclude that the Petitioner has failed to demonstrate that he was sentenced under anything but the 1989 Sentencing Reform Act.

The Petitioner also argues that, because his life sentence is not a determinate sentence, as required by the 1989 Sentencing Reform Act, the sentence is illegal. A panel of this Court has recently addressed whether a life sentence is a determinate sentence under the 1989 Sentencing Reform Act as follows:

> [T]he life sentence that the petitioner received was indeed, a determinate sentence within the meaning of the 1989 Sentencing Act and the statutory scheme under which he was sentenced. While a legal provision in place at the

time of the petitioner's sentencing called for courts to impose a specific sentence length for any misdemeanor or felony, explaining in section 40-35-211(1) that "[t]here are no indeterminate sentences . . . [s]entences for all felonies and misdemeanors are determinate in nature," it further stated in the same section that "[s]pecific sentences for a felony shall be for a term of years or months or *life*." T.C.A. § 40-35-211(1) (1991). The statute, therefore, expressly references and labels a "life" sentence as a "specific" sentence within the meaning of the statute. As such, the life sentence the petitioner received was, in fact, a determinate sentence.

*Leslie L. Coleman v. Jim Morrow, Warden*, No. E2010-02299-CCA-R3-HC, 2011 WL 3667724 at *2 (Tenn. Crim. App., at Knoxville, Dec. 14, 2011) (emphasis added), *perm. app. denied* (Tenn. Dec. 14, 2011).

At the time the Petitioner was sentenced, life imprisonment was a determinate sentence within the meaning of Tennessee Code Annotated section 40-35-211(1). As such, the trial court had the authority to sentence the petitioner to life and that judgment is not void.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner failed to scrupulously follow the statutory requirements for a petition for habeas corpus relief, and he has failed to show that his judgment has expired or that his judgment is void. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE

5